UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARRISON and
MARY KATRIONA
HARRISON,

        Plaintiffs,

v.

L. FRANCIS CISSNA,
Director, United States
Citizenship and Immigration
Services, *et al.*,

        Defendants.

_____/

Civil Action No.: 18-12268
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
DENY PLAINTIFFS' MOTION FOR ATTORNEY'S
FEES AND COSTS UNDER EAJA [ECF NO. 16]**

### I.   Introduction

In September 2019, the Honorable Terrence G. Berg granted in part and denied in part a motion to dismiss filed by the Director of the United States Citizenship and Immigration Services (USCIS) and Secretary of the Department of Homeland Security, and remanded the case to USCIS for additional investigation and explanation. [ECF No. 15]. Two months later,

Plaintiffs David and Mary Katriona Harrison moved for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504; 28 U.S.C. § 2412. [ECF No. 16]. Defendants opposed the motion. [ECF No. 17]. Judge Berg referred plaintiffs' motion to the undersigned. [ECF No. 19].[1] The Court finds that defendants' position in this case was substantially justified, and that plaintiffs' motion should therefore be denied.

## II.   Background

David Harrison, a United States citizen, petitioned the USCIS to allow his Irish wife, Mary Katriona Harrison, to live and work in this country. [ECF No. 15, PageID.173]. The USCIS denied Harrison's Petition for Alien Relative (Form I-130) under the Adam Walsh Act, 8 U.S.C. § 1154(a)(1)(A)(viii)(I), which bars Form I-130 petitions filed by citizens who have been convicted of certain crimes against a minor "unless the Secretary of Homeland Security, in the Secretary's sole and unreviewable

---

[1] Judge Berg referred the motion for hearing and determination under 28 U.S.C. § 636(b)(1)(A). [ECF No. 19]. But plaintiffs' motion is not a "pretrial matter" to which § 636(b)(1)(A) applies, so the Court must prepare a report and recommendation under § 636(b)(3). *See Callier v. Gray*, 167 F.3d 977, 983 (6th Cir. 1999).

discretion, determines that the citizen poses no risk to the alien" for whom the petition was made. The USCIS found that the Adam Walsh Act barred Harrison's petition because he was convicted in 1994 of attempted criminal sexual misconduct involving a minor under Michigan law, and the agency declined to exercise its discretion to apply the "no risk" exception. [ECF No. 15, PageID.175-176]. Harrison did not appeal to the Board of Immigration Appeals (BIA); instead plaintiffs filed their complaint here. [*Id.*, PageID.178].

Plaintiffs' complaint for declaratory and injunctive relief was filed under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* [ECF No. 1]. They alleged that the USCIS's decision was arbitrary and capricious and in excess of statutory jurisdiction and authority, and that it violated plaintiffs' rights under the Fifth Amendment Due Process Clause. [*Id.*, PageID.3-4]. Plaintiffs did not seek review of the USCIS's discretionary "no risk" finding, but asserted these objections:

> (1) the USCIS failed to properly apply the circumstance specific approach to determining whether Mr. Harrison was convicted of a specified offense against a minor. He was not convicted of a disqualifying offense because the other party was at least 13 years old and he was less than 4 years older than her; (2) USCIS erred in denying the Plaintiffs' I-130 Petition under 8 U.S.C. § 1154(a)(I)(A)(viii), because Mr. Harrison's conviction occurred before the effective date of the Adam Walsh Act and applying the law's INA amendments to such a preenactment conviction would produce an impermissible retroactive effect;

3

> (3) USCIS erred in denying the Plaintiffs' I-130 Petition because it acted in excess of its delegated authority in interpreting and applying the 'no risk' clause, and thus its implementation of the INA's Adam Walsh Act amendments is *ultra vires* to the statute; and (4) the administrative scheme under which USCIS has implemented the Adam Walsh Act amendments to the INA, as applied to deny the Plaintiffs' I-130 Petition, arbitrarily interferes with Mr. Harrison's constitutionally protected liberty interest in marriage and family life - in particular, his right to live together with his wife in the United States.

[*Id.*, PageID.7-8 (citations omitted)].

Defendants moved to dismiss plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), contending that the Court lacked subject matter jurisdiction over the USCIS's discretionary decision to deny the I-130 petition and that the complaint failed to state a viable claim for relief. [ECF No. 11]. Judge Berg granted in part and denied in part the motion to dismiss. [ECF No. 15]. He found that the Court had no subject matter jurisdiction to review the USCIS's discretionary "no risk" decision, nor to consider plaintiffs' constitutional claims and challenge to the retroactive application of the Adam Walsh Act. [*Id.*, PageID.182-183]. But Judge Berg agreed with plaintiffs that the Court had the jurisdiction to review their claim "that USCIS failed to properly apply the circumstance-specific approach in considering the I-130 immigration petition." [*Id.*, PageID.183].

4

In his opinion, Judge Berg explained that Harrison's 1994 conviction for attempted sexual conduct may not have been a "specified offense against a minor" under the Adam Walsh Act if the sexual conduct was consensual and "if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." [ECF No. 15, PageID.183 (citing 4 U.S.C. § 20911(5)(C))]. It was undisputed that Harrison was 17 years old, and less than four years older than the 13-year-old victim, at the time of this offense. [*Id.*, PageID.185]. Harrison also contended that his contact with the minor victim was consensual, but the investigating police officers reported that the victim had been highly intoxicated and did not feel free to leave. [*Id.*, PageID.185-186].

Problematically, "[t]he evidentiary record before the Court does not include any finding of fact regarding whether the conduct between Harrison and Doe some 25 years ago was consensual." [ECF No. 15, PageID.189]. The agency did not address whether Harrison's contact with the victim was consensual or whether the § 20911(5)(C) exception applied. [*Id.*, PageID.190]. Judge Berg found that the USCIS's decision was arbitrary and capricious because it failed to "'examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" [*Id.*,

5

PageID.190 (quoting *Messina v. USCIS*, No. Civ.A. 05CV73409DT, 2006 WL 374564, *2 (E.D. Mich. Feb. 16, 2006))]. He thus remanded the matter to the USCIS "to consider the applicability of the exception to the specific circumstances of Harrison's 1994 conviction, gather additional evidence if needed, and produce a written explanation of its analysis and conclusion concerning whether the exception does or does not apply to Harrison's conviction." [ECF No. 15, PageID.190-191].

Plaintiffs' motion for attorney's fees and costs under the EAJA followed. [ECF No. 16].

### III. Analysis

Under the EAJA, a court shall award a prevailing party attorney's fees and costs in "proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An application for fees and costs must be made "within thirty days of final judgment in the action." § 2412(d)(1)(B). Thus, the EAJA requires "(1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the

requisite application within thirty days of final judgment." *Amezola-Garcia v. Lynch*, 835 F.3d 553, 554 (6th Cir. 2016). "'[F]inal judgment' means a judgment that is final and not appealable, and includes an order of settlement." § 2412(d)(2)(G).

A court need not address each requirement if one is dispositive. *Amezola-Garcia,* 835 F.3d at 555 ("We deny the motion for fees for failure to meet the second requirement, and do not address the remaining requirements."). Here, the Court addresses the first two requirements and finds that plaintiffs' motion should be denied because defendants' position was substantially justified.

### A. Prevailing Party Requirement

Plaintiffs argue that they are prevailing parties because "the Court's decision reversed the denial of the I-130 petition filed by Mr. Harrison for Mrs. Harrison." [ECF No. 16, PageID.195]. Defendants counter that "Plaintiffs are not prevailing parties because the Court did not issue a final judgment in favor of the Plaintiffs or set aside the USCIS decision." [ECF No. 17, PageID.216]. Defendants have the better argument.

The Court's analysis begins with *Shalala v. Schaefer*, in which the Supreme Court examined when a Social Security claimant becomes a

7

prevailing party under sentence four of the Social Security Act, 42 U.S.C. § 405(g). 509 U.S. 292 (1993). Under sentence four of § 405(g), a court may enter a judgment reversing the decision of the Secretary and remanding the case for rehearing. *Id.* at 294. The EAJA 30-day clock starts when the court remands the matter under sentence four. *Id.* at 296.

The same is not true for remands under sentence six of § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* at 297 n.2. When a Social Security matter is remanded under sentence six, the case is not terminated in favor of the plaintiff, so "the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id.* at 298, 300-01 (citation and quotation marks omitted). *See also Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 (6th Cir. 2006) ("We now join our sister circuits in holding that a district court retains jurisdiction when remanding a social security claimant's case pursuant to sentence six.").

Following *Schaefer*, three circuit courts held that an entry of judgment remanding a case to the BIA for further proceedings is equivalent to § 405(g) sentence-four remand, meaning that the plaintiff is the prevailing party at the time of the remand. *Rueda-Menicucci v. I.N.S.*, 132 F.3d 493, 495 (9th Cir. 1997); *Johnson v. Gonzales*, 416 F.3d 205, 209-10 (3rd Cir. 2005); *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57-59 (1st Cir. 2013). Unlike in those opinions, the remand order here was not accompanied by a judgment. [ECF No. 15].

The Court infers that Judge Berg intended to retain jurisdiction of plaintiffs' complaint and enter final judgment only after the USCIS has "produce[d] a written explanation of its analysis and conclusion concerning whether the exception does or does not apply to Harrison's conviction." [ECF No. 15, PageID.191]. As such, Judge Berg's remand order is akin to a sentence-six remand, and plaintiffs are not yet prevailing parties under *Schaefer*. And even if this Court's inference that Judge Berg intended to retain jurisdiction is wrong, plaintiffs' motion for attorney's fees and cost should still be denied because defendants' position was substantially justified.

9

**B. Substantial Justification**

"The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (citations and quotation marks omitted). Two Sixth Circuit opinions guide this Court's analysis of whether defendants' have met their burden of showing that their position was substantially justified.

First, in *DeLong*, the court upheld district court's denial of the plaintiff's motion for EAJA fees. The district court had vacated the Commissioner of Social Security's denial of benefits because the ALJ failed to provide good reasons for the weight given to the treating physician. *Id.* at 724-25. Affirming the district court's denial of EAJA benefits, the Sixth Circuit described the issue before it as being whether, despite the ALJ's treating-physician-rule error, "the Commissioner's decision to deny benefits to DeLong and to defend that denial before the District Court had a reasonable basis in law and fact." *Id.* at 727. Finding that the Commissioner's decision had such a reasonable basis, the court noted that the fatal flaw of the ALJ's opinion was only "his failure to *explain* his findings adequately." *Id.* (emphasis in original). The ALJ's error was thus

10

procedural, not substantive. *Id.* And, "importantly, remand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *Id.*

In the other Sixth Circuit opinion that guides this Court's recommendation, the court held, "In order for a party to recover attorney's fees under the EAJA, the Government's position 'as a whole' must not have been substantially justified." *Amezola-Garcia*, 835 F.3d at 555 (citing 28 U.S.C. § 2412(d)(1)(A); *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013)). And the government's position must be assessed both at the agency level and on judicial review. *Id.*

In *Amezola-Garcia*, the petitioner appealed his order of removal from the United States, arguing that the BIA erred by sending his case to a single-member panel (instead of a three-member panel); by rejecting his claim that he would be subject to future persecution in Mexico; and in making its voluntary-departure determination. *Id.* at 554. The government conceded error in the BIA's voluntary-departure determination, but the court agreed with the government that the remainder of the petitioner's claims were without merit. *Id.* Thus, "the majority of the Government's

11

arguments were justified, as the Government successfully argued against Amezola-Garcia's request for a three-member panel and his withholding-of-removal application." *Id.* at 555.  The two unsuccessful claims were distinct from, and more prominent than, the voluntary-departure issue*. Id.*  To determine that the unsuccessful claims were more prominent than the voluntary-departure issue, the court reasoned that the voluntary-department argument was made last in the petitioner's brief and that argument comprised only seven of the 25-page brief.  *Id.*  Because the petitioner's primary arguments failed, the government's conduct did not rise to the level of being substantially unjustified, and the petitioner's motion for EAJA fees was denied.  *Id.* at 555-56.

Plaintiffs' motion here should also be denied.  First, although Judge Berg remanded the matter and ordered the USCIS to explain "its analysis and conclusion concerning whether the exception does or does not apply to Harrison's conviction," [ECF No. 15*,* PageID.191], the remand may result in another denial of Harrison's Form I-130 petition.  Under similar circumstances, the *DeLong* court held that the "failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification."  748 F.3d at 727.

Second, the government's position was substantially justified as a whole. As noted, plaintiffs made four claims in their complaint. [ECF No. 1]. They claimed that (1) the USCIS failed to properly apply the circumstance-specific approach when finding that Harrison was convicted of a "specified offense against a minor"; (2) Harrison's conviction occurred before the effective date of the Adam Walsh Act and the USCIS was not permitted to give the Act retroactive effect; (3) the USCIS acted in excess of its delegated authority in interpreting and applying the "no risk" clause; and (4) the USCIS arbitrarily interfered with his constitutionally protected liberty interest in marriage and family. [*Id.*, PageID.7-8].

Judge Berg granted the USCIS's motion to dismiss in large part, finding that the Court had no subject matter jurisdiction to consider all but the first claim. [ECF No. 15, PageID.182-184]. Thus, USCIS's position was partially justified, defeating plaintiffs' motion for EAJA fees. *Amezola-Garcia*, 835 F.3d at 554-55. The Court notes that, in contrast to *Amezola-Garcia,* plaintiffs' most prominent argument in their brief opposing defendants' motion to dismiss was the successful one. [ECF No. 12]. In fact, plaintiffs acknowledged that Sixth Circuit precedent foreclosed the Court's jurisdiction over the claims that Judge Berg later dismissed for lack of jurisdiction. [ECF No. 12, PageID.123 (citing *Privett v. DHS*, 865 F.3d

13

375 (6th Cir. 2017))]. Even so, most of defendants' arguments on judicial review were successful, so their position was substantially justified. *Amezola-Garcia*, 835 F.3d at 555. Plaintiffs' motion for EAJA fees and costs should therefore be denied. *Id.*

### IV. Conclusion

The Court recommends that plaintiffs' motion for attorney's fees and costs under EAJA **[ECF No. 16]** be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 14, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 14, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
