UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID HARRISON, ET AL.**, <br><br> Plaintiffs, <br><br> v. <br><br> **DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.**, <br><br> Defendants. | 2:18-cv-12268 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER MODIFYING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION** |

Plaintiffs David Harrison and Mary Katriona Harrison, a married couple, brought this case challenging the denial of their Petition for Alien Relative by United States Citizenship and Immigration Services. This Court remanded the case to the agency with directions to consider whether the exception to crimes typically considered a specified offense against a minor contained in 34 U.S.C. § 20911(5)(C) applies to David Harrison's 1994 conviction. The case is again before the Court on Plaintiffs' motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion was referred to Magistrate Judge Elizabeth A. Stafford, who issued a Report and Recommendation proposing that the motion be denied on the basis that Plaintiffs are not technically prevailing parties within the meaning of the EAJA and,

1

moreover, the government's position was substantially justified. Although this Court believes Sixth Circuit precedent supports finding that Plaintiffs are the prevailing parties in this matter, ultimately it agrees with the Magistrate Judge that the government's position was substantially justified. The Court will accordingly modify in part and adopt in part the Report and Recommendation, ECF No. 20, and deny Plaintiffs' motion for attorney's fees and costs, ECF No. 16.

## LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* The district court is not obligated to independently review parts of the Report and Recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

## DISCUSSION

In actions brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified when it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## I. Plaintiffs are the prevailing party.

The Magistrate Judge determined that Plaintiffs are not entitled to attorney's fees under the EAJA because they are not the "prevailing party" as that term has been interpreted by the Supreme Court and the Sixth Circuit. The Supreme Court has indeed said that a plaintiff does not necessarily become the prevailing party by virtue of accomplishing what he set out to achieve through his lawsuit. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001). And obtaining a remand for further proceedings before the agency from which the plaintiff appealed does not, in and of itself, always create prevailing party status. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing *Sullivan v. Hudson*, 490 U.S. 877, 887 (1989)). Although the Magistrate Judge's analogizing of this case to social security appeals has some utility, the Court finds the matter at hand more similar to the recent Sixth Circuit case of *Pablo Lorenzo v. Barr*, 779 F. App'x 366 (6th Cir. 2019). That case, like this one, involved an appeal from the immigration agency that resulted in remand.

In *Pablo Lorenzo*, the plaintiff had appealed a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen his application for asylum based on changed country conditions and ineffective assistance of counsel. The Sixth Circuit remanded plaintiff's case to the BIA, finding that the BIA had failed to properly evaluate plaintiff's evidence of changed country conditions and applied the wrong

3

legal standards in evaluating his claim. *Id.* at 373–74. In deciding plaintiff's subsequent motion for attorney's fees under the EAJA, the Sixth Circuit concluded that he was indeed the prevailing party. *Pablo Lorenzo v. Barr*, No. 18-3606, 2020 WL 1514832, at *2 (6th Cir. Mar. 30, 2020) (unpublished). In its opinion, the Sixth Circuit appeared unconcerned with the question of whether the plaintiff had obtained a final judgment in his favor, focusing on the fact that "[h]is success in achieving the desired outcome is . . . sufficient to render him a 'prevailing party.'" *Id.* at *2.

*Pablo Lorenzo* is factually and legally analogous to the case at bar. In its previous Order, this Court found that the immigration agency, in deciding Plaintiffs' petition, erred in failing to consider the applicability of an exception to crimes categorized as a "specified offense against a minor" under the Adam Walsh Act. ECF No. 15, PageID.183. Properly considering that exception would have involved analyzing evidence related to David Harrison's underlying 1994 conviction. The agency's failure to properly consider applicable law and evidence in reviewing David Harrison's immigration petition is akin to the agency's failure, in *Pablo Lorenzo*, to properly consider plaintiff's evidence concerning changed country conditions and to apply the correct standard in evaluating his claim. In both cases, the courts' solution was to remand the matter so that the agency could consider previously overlooked applicable law and relevant evidence. *See Pablo Lorenzo*, 779 F. App'x at

4

374. This Court finds no basis on which to distinguish the case at hand from *Pablo Lorenzo*. If the Sixth Circuit considered plaintiff in that case to be the prevailing party for EAJA purposes, the Court finds it difficult to see how Plaintiffs should not be considered the prevailing party here.

## II. The government's position was substantially justified.

Although Plaintiffs may be the prevailing party, the government has met its burden of establishing that its position was substantially justified, meaning that it had a reasonable basis in both law and fact. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014). The government's "position" encompasses both its underlying agency action and its litigation position. 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(D).

Concerning the government's underlying position, the Court finds the agency was not substantially justified in failing to consider the applicability of a statutory exception to crimes that would generally be considered a "specified offense against a minor" under the Adam Walsh Act. *See* 34 U.S. § 20911(5)(C) ("An offense involving consensual conduct is not a sex offense . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim."). David Harrison had argued for the applicability of that exception in response to the agency's Notice of Intent to Deny, but it appears the agency never addressed his argument. *See* ECF No. 11-2, PageID.99; ECF No. 1-2, PageID.31–35. The agency's failure to consider the applicability of a

5

relevant statutory exception to crimes categorized as a "specified offense against a minor," especially given that David Harrison expressly raised the exception with the agency, indicates the government's position at the agency level did not have a reasonable basis in the law.

Concerning the government's litigation position, however, the Court cannot say it had no reasonable basis in law or fact. The government acknowledged that this Court had jurisdiction to review predicate legal issues pertaining to the Adam Walsh Act, ECF No. 11, PageID.85 (Gov't Mot. to Dismiss Br.). It also made a plausible argument that, even if the agency had considered the § 20911(5)(C) exception in assessing the impact of Harrison's 1994 conviction on his immigration petition, his conviction would not fit within the exception. The exception provides that, "[a]n offense involving *consensual* conduct is not a sex offense . . . if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 34 U.S.C. § 20911(5)(C) (emphasis added). The government argued that the encounter could not have been consensual because the individual Harrison engaged in sexual conduct with was intoxicated and, further, that under Michigan law a person under the age of 16 is legally incapable of sexual consent. ECF No. 11, PageID.87.

Considering the government's underlying agency action and litigation position as a whole, the Court acknowledges the government's position was "justified in substance or in the main—that is, justified to a

6

degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. On that basis, Plaintiffs' motion for attorney's fees must be denied.

## CONCLUSION

For these reasons, the Report and Recommendation (ECF No. 20), is **MODIFIED IN PART AND ADOPTED IN PART** as this Court's findings of fact and conclusions of law. Plaintiffs' motion for attorney's fees and costs (ECF No. 16) is accordingly **DENIED**.

**SO ORDERED.**

Dated: June 26, 2020         s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE

7